IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRY RICHIE, *et al*. § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> JP MORGAN CHASE BANK, § <br> § <br> Defendant. § | Civil Action No. 3:11-CV-1500-N |

## **ORDER**

This Order addresses Defendant JP Morgan Chase Bank's ("Chase") motion for summary judgment [19]. For the reasons below, the Court grants Chase's motion.

### I. THE RICHIES' MORTGAGE DISPUTE

This case concerns real property and a related mortgage. In 2008, Plaintiffs Terry and Stacie Richie (the "Richies") built their house and executed a note, payable to Florida Capital Bank ("Florida Capital"), and a deed of trust which named Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. Florida Capital assigned the note, and MERS assigned the deed of trust, to Chase.

In 2009, because their financial circumstances had changed, the Richies contacted Chase to ask if they could skip their October payment. Chase told them that, should they fall behind on their payments, Chase had programs to help. The Richies apparently followed this advice and failed to make their September 2009 mortgage payment. In October, the Richies signed a "Home Affordable Modification Trial Period Plan" ("TPP") and, starting in

November, began to make partial payments according to the plan. It is undisputed that the Richies made timely payments under the TPP.

After a number of months, the Richies asked about the status of their loan. Finally, Chase notified that it had denied them a modification because the Richies failed to send Chase adequate information. The Richies attempted to resolve the issue but were unable to contact the right Chase representative. The Richies continued to attempt to sort out the issue. In July 2010, Chase informed the Richies that they needed to reapply to obtain government assistance under the Making Homes Affordable ("MHA") program. The Richies attempted to reapply multiple times, but Chase repeatedly denied the application because the Richies were apparently missing documents. The Richies' loan modification was then apparently denied due to lack of income. After sending in more profit and loss information, the Richies' loan modification attempts were finally denied because they earned too much income. The Richies were told they needed to bring their loan current or face foreclosure. The Richies again attempted to work the issue out with Chase but failed to bring the loan current. Although the Richies allege that Chase agreed to modify the loan according to the TPP, Chase, according the terms of the original loan agreements, placed the Richies in active foreclosure. Although Chase set a foreclosure sale date, the property has not been sold, and the Richies currently remain in their home.

The Richies sued in state court asserting claims for (1) breach of contract, (2) unreasonable collection efforts, (3) violations of the Texas Debt Collection Practices Act

("TDCPA"), and (4) negligent misrepresentation. The Richies also seek a declaratory judgment and an accounting. Chase now moves for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Courts, however, need not sift through the record in search of triable issues. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, courts resolve factual controversies in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Hous.*,

185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. CHASE IS ENTITLED TO SUMMARY JUDGMENT

#### A. Chase Is Entitled to Summary Judgment on the Richies' Breach of Contract Claims

*1. Chase Has Authority to Accelerate and Foreclose Under the Note and Deed of Trust.* – The note specifically provides that "the Note Holder may require [the Richies] to pay immediately the full amount of Principal which has not been paid and all the interest . . . owe[d]." Ex. D-1, App. Def. Mot. Summ. J. ¶ 6(c). The deed of trust provides that Chase may accelerate the loan, Ex. B-2, App. Def. Mot. Summ. J. ¶ 22, and permits Chase to foreclose. *Id.* ("[The Lender] may invoke the power of sale and any other remedies permitted by Applicable Law."). Nevertheless, the Richies argue that Chase did not have the authority to accelerate or attempt to foreclose. First, the Richies argue that Chase failed to offer any evidence that it owned the note. Yet Chase produced the Note, signed by the Richies, and showing the assignment from Florida Capital Bank to Chase. Ex. D-1, App. Def. Mot. Summ. J. In their complaint, the Richies also assert that Chase did not have authority to foreclose on the deed of trust because the note and the deed of trust were split: the note was initially assigned to Florida Capital Bank while the Deed of Trust was assigned to MERS. Courts in this Circuit have repeatedly and emphatically rejected various manifestations of this "bifurcation" theory. *See, e.g.*, *Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *4–5 (N.D. Tex. Aug. 29, 2012); *Swim v. Bank of Am., N.A.*, No. 3:11-CV-

1240-M, 2012 WL 170758, at *3 (N.D. Tex. Jan. 20, 2012) (collecting cases). Where "mortgage documents provide for the use of MERS[,] . . . the provisions are enforceable to the extent provided by the terms of the documents" – i.e., the language in the deed of trust controls. *Richardson v. CitiMortgage, Inc.*, No. 6:10CV119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010); *see also, e.g.*, *Woods v. Bank of Am., N.A.*, No. 3:110-CV-1116-B, 2012 WL 1344343, at *5 (N.D. Tex. Apr. 17, 2012); *Swim*, 2012 WL 170758, at *3; *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 622–23 (N.D. Tex. 2011). It follows that "[i]n cases where 'MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by express language in the [d]eed of [t]rust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage.'" *James v. Wells Fargo Bank, N.A.*, No. 3:11-CV-2228-B, 2012 WL 778510, at *3 (N.D. Tex. Mar. 12, 2012) (quoting *Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011); *see also Swim*, 2012 WL 170758, at *3 ("Under the express language of the New Deed of Trust, MERS is a beneficiary and nominee for both the originating lender and its successors and assigns, creating authority for a party holding only a deed of trust, and not the underlying obligation, to foreclose."). Chase holds both the note and the deed of trust which provide for acceleration and foreclosure, but it would not matter if Chase held only the deed. Pursuant to the deed of trust, Chase has authority to accelerate and foreclose.

***2. The TPP Is Not a Valid, Enforceable Contract and Did Not Modify the Original Loan Agreement.*** – The Richies argue that a new contract was formed when Chase allowed

them to make payments pursuant to the TPP because the TPP provided that, if the Richies complied with the Plan — and they contend they did so — modification of the loan was nondiscretionary. However, the TPP did not operate to modify the Richies' original loan. First, the TPP is not a valid contract because the Richies provided no new consideration. Rather, the Richies were already contractually obligated to pay according to the terms of the original loan. *See Singh v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-607, 2012 WL 3904827, at * 5 (E.D. Tex. July 31, 2012) (holding plaintiff failed to offer new consideration by making payments pursuant to payment plan and providing financial information). Further, the TPP expressly states that it is not an enforceable offer to modify the mortgage. *See* Ex. B-5, App. Def. Mot. Summ. J. ¶ 2G. Accordingly, the Court finds that the TPP agreement was not a contract to modify the existing loan.

***2. Chase's Oral Representations Regarding the Richies' Loan Are Barred by the Statute of Frauds.*** – The Texas statute of frauds, TEX. BUS. & COM. CODE § 26.02(b), bars any claims based on Chase's representations that the Richies qualified for a modification. Texas law requires that a loan agreement exceeding $50,000 must be in writing. *Water Dynamics Ltd. v. HSBC Bank USA Nat'l Ass'n*, No. 4:11-CV-614-A, 2012 WL 34252, at *4 (N.D. Tex. Jan. 6, 2012) (citing TEX. BUS. & COM. CODE 26.02(b)). Deeds of trust and notes are loan agreements. *Id.* Because the deed of trust and the note are covered by the statute

of frauds, modification of those agreements must be in writing also. *Id.* Accordingly, the Richies' oral loan modification arguments fail.[1]

The Richies argue that even if the statute of frauds applies, they partially performed pursuant to Chase's oral representations, that this performance was "unequivocally referable" to the oral agreements, and thus the partial performance exception to the statute of frauds applies.

The statute of frauds does not apply to a partially performed oral contract "if denial of enforcement of the contract amounts to a fraud." *Barnett v. Legacy Bank of Tex.*, No. 11-02-00114-CV, 2003 WL 2235868, at *7 (Tex. App. – Eastland Oct. 16, 2003, pet. denied). Fraud exists where a contract is not enforced although "there is strong evidence establishing the existence of an agreement and its terms." *Id.* Partial performance is strong evidence when the performance is "unequivocally referable to the agreement and corroborative of the fact that a contract was actually made." *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 439 (Tex. App. – Dallas 2002, pet. denied).

The Richies fail to raise a fact issue regarding partial performance. First, a failure to enforce this agreement would not amount to fraud because there is no evidence in the record regarding the terms of the alleged modification. Rather, the evidence makes clear that the Richies merely made assumptions regarding the terms of the modified loan. Further, even

---

[1] It is unclear whether the Richies are arguing that Chase created a unilateral contract that the Richies accepted by performance under the TPP or that Chase and the Richies merely entered into an oral agreement. Regardless, the statute of frauds bars the enforceability of any oral agreement to modify the loan.

if the Richies partially performed under an alleged oral modification, the partial performance exception still would not apply for the same reason that the TPP is not a valid, enforceable agreement: the Richies provided no new consideration for the modification. *See Rackley v. JPMorgan Chase Bank, N.A.*, SA–11–CV–387–XR, 2011 WL 2971357, at *4 (W.D.Tex. July 21, 2011).

***3. The Richies Did Not Perform Under the Deed Of Trust.*** – Further, the Richies cannot prevail on any breach of contract claim arising out of Chase's alleged breach of the deed of trust because the evidence is undisputed that the Richies themselves failed to perform under the deed. "A party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990). Although "a party's nonperformance of a contract will be excused when that party's performance is prevented by the other party," *Woods v. Bank of America, N.A.*, 3:11-CV-1116-B, 2012 WL 1344343, at * 3 (N.D. Tex. Apr. 17, 2012) (citing *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 629 (N.D. Tex. 2010), there is no indication that the Richies' performance was prevented by Chase. Although Chase informed the Richies that, if they fell behind, Chase had programs in place for the situation, this is not evidence that Chase prevented performance. The Richies also argue that Chase refused payment on one occasion. But under the Note and the Deed of Trust, Chase is allowed to refuse to accept payments that fail to bring the loan current. Ex. B-2, App. Def. Mot. Summ. J. ¶ 1.

***4. There Is No Requirement of Good Faith and Fair Dealing in the Deed of Trust Contract.*** – The Richies argue that Chase breached its duty of good faith and fair dealing in

the Deed of Trust contract. However, mortgagors do not owe a duty of good faith and fair dealing to mortagees. *E.g.*, *Wiklerson v. Citimortgage, Inc.*, 3:11-CV-1393-0-BK, 2011 WL 6937382, at *3 (N.D. Tex. Oct. 24, 2011). Although the Richies argue that the Uniform Commercial Code imposes such a duty on Chase, the UCC does not apply. "Because the Deed of Trust places a lien on *real* property, it is not governed by the UCC." *Vogel v. Travelers Indem. Co.*, 966 S.w.2d 748, 753 (Tex. App. – San Antonio 1998, no pet.). Thus, Chase is entitled to summary judgment on the Richies' breach of good faith and fair dealing claim.

   ***5. Chase Did Not Waive Its Rights to Foreclose.*** – The Richies argue that Chase breached the contract when it attempted to foreclose after it had allegedly waived its foreclosure rights. To prove waiver, the Richies must show "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; [and] (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." *Ulico Cas. Co.*, 262 S.W.3d at 778. As noted by a Texas Court of Appeals:

> Intent is the key element in establishing waiver. The law on waiver distinguishes between a showing of intent by actual renunciation and a showing of intent based on inference. In the latter situation, it is the burden of the party who is to benefit by a showing of waiver to produce conclusive evidence that the opposite party unequivocally manifested its intent to no longer assert its claim. This is a particularly onerous burden.

*RM Crowe Prop. Services Co., L.P. v. Strategic Energy, L.L.C.*, 348 S.W.3d 444, 449-50 (Tex. App. – Dallas 2011, no. pet.) (quoting *G.H. Bass & Co. v. Dalsan Prop.–Abilene,* 885 S.W.2d 572, 577 (Tex. App. – Dallas 1994, no writ)) (brackets omitted).

The Richies fail to raise any fact issue that Chase "unequivocally manifested its intent" to waive its foreclosures rights.  The Richies argue only that Chase waived its rights by its oral representations regarding loan modification.  But the Richies fail to point to any evidence that Chase actually promised not to foreclose.  And although the Richies argue that "waiver occurred when [Chase], who claim[ed] to possess the right to accelerate and foreclose on the Note, acted in a manner that misled [the Richies] into believ[ing] that a waiver of the right to accelerate and foreclose had already occurred," Pl.'s Resp. Mot. Summ. J. 22, this does not constitute waiver.  Chase's, not the Richies', intent is the key element.  *RM Crowe*, 348 S.W.3d 449-50.  Further, the deed of trust states: "Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to [accelerate and foreclose] if I am in default at a later time."  It also provides that acceptance of payments in amounts less than the amount due "shall not be a waiver of or preclude the exercise of any right or remedy."  Ex B-1, App. Def. Mot. Summ. J. ¶ 12.  Accordingly, Chase did not waive its rights to foreclose.

**6.**  *Chase Did Not Repudiate the Note or Deed of Trust by Accelerating and Attempting to Foreclose.* – Under the same heading as their breach of contract claim, the Richies also claim anticipatory breach of contract.[2]  To prevail on an anticipatory breach

---

[2]The Richies argue that, because Chase did not move for summary judgment on the anticipatory breach of contract claim, that claim is not properly before the court.  But the Richies did not treat their anticipatory breach of contract claim as a separate claim and thus Chase's motion for summary judgment on the Richies' breach claims also includes the Richies' anticipatory breach claim.  *See Singh v. JP Morgan Chase Bank, N.A.*, 4:11cv607,

of contract claim under Texas law, the Richies must show that (1) Chase absolutely repudiated an obligation, (2) Chase lacked a just excuse for this repudiation, and (3) the Richies suffered damage. *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004) (citing *Taylor Pub. Co. v. Sys. Mktg. Inc.*, 686 S.W.2d 213, 217 (Tex. App. – Dallas 1984, writ ref'd n.r.e.)). "An anticipatory repudiation of a contract may be based on either words or actions by a party that indicate an intention not to perform the contract according to its terms." *Swim v. Bank of Am., N.A.*, 2012 WL 170758, at *4 (citing *Builders Sand, Inc. v. Turtur*, 678 S.W.2d 115, 120 (Tex. App. – Houston [14th Dist.] 1984, no writ)). A party's declaration of intent to abandon its obligations under the contract must be positive and unconditional – that is, the party committing an anticipatory breach must recognize its duties but refuse to perform them. *Id.* (citing *Preston v. Love*, 240 S.W.2d 486, 487 (Tex. App. – Austin 1951, no writ)); *Watson II*, 2012 WL 381205, at *5 (citing *Preston*, 240 S.W.2d at 487 and *Continental Cas. Co. v. Boerger*, 389 S.W.2d 566, 568 (Tex. App. – Waco 1965, writ dism'd)).

The Court has trouble deciphering how Chase's actions in accelerating the loan or attempting to foreclose would constitute repudiation of the loan agreements. If anything, Chase's attempt to exercise contractual rights shows that Chase did not intend to repudiate the loan agreement. Nevertheless, the Court finds that Chase's conduct "at worst [demonstrates that it] gave conflicting messages to" the Richies. *Swim*, 2012 WL 170758, at *5. "Such inconsistencies fall quite short of the positive and unconditional

---

2012 WL 3904372, at *1 (E.D. Tex. Sept. 7, 2012) (rejecting same argument).

repudiation that is necessary to establish a claim for anticipatory breach of contract." *Watson II*, 2012 WL 381205, at *5 (citation and quotation marks omitted).

### 7. *Chase Is Entitled to Summary Judgment on All Breach of Contract Claims*. –

Chase had authority to foreclose and accelerate under the note and deed of trust, Chase did not waive its rights to do so, Chase did not modify the note or deed of trust, Chase did not repudiate either the note or the deed of trust, and the Richies failed to perform under the deed of trust. Accordingly, Chase is entitled to summary judgment on all of the Richies' breach of contract claims.

### B. Chase Is Entitled to Summary Judgment on the Richies' Unreasonable Collection Claims

In Texas, "[u]nreasonable collection is an intentional tort." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App. – Dallas 2008, no pet.). "To recover on this claim, Plaintiffs must prove that Defendants' debt collection efforts 'amount to a course of harassment that was willful, malicious, and intended to inflict mental anguish and bodily harm.'" *Kazmi*, 2012 WL 629440, at *11 (citing *EMC Mortg. Corp.*, 252 S.W.3d at 868). Courts consider the reasonableness of a defendant's conduct on a case-by-case basis. *Id.* (citation omitted); *see also, e.g.*, *Obuekwe*, 2012 WL1388017, at *6. "Generally, 'mental anguish damages alone will not establish a right of recovery; the plaintiff must suffer some physical or other actual damages in order to be entitled to relief." *Kazmi*, 2012 WL 629440, at *11 (quoting *B.F. Jackson, Inc. v. CoStar Realty Info., Inc.*, No. H-09-3244, 2009 WL 1812922, at *5 (S.D. Tex. 2009)); *see also, e.g.*, *McDonald v. Bennett*, 674 F.2d 1080, 1088 (5th Cir. 1982). And "[w]here a debt is owed

ORDER – PAGE 12

to a lender, a claim for unreasonable collection cannot survive when the lender simply tries to recover the debt owed." *Woods*, 2012 WL 1344343, at *8; *see also, e.g.*, *DeFranceschi v. Wells Fargo Bank, N.A.*, No. 4:10-CV-255-Y, 2011 WL 3875338, at *11 (N.D. Tex. Aug. 31, 2011) (citing *Narvaez*, 757 F. Supp. 2d at 635).

The Richies fail to raise a fact issue regarding this claim. It is undisputed that the Richies were in default on the loan. Ex. A, App. Def. Mot. Summ. J. ¶ 8. Chase's alleged actions — providing the TPP, discussing loan modification, and imposing charges and penalties — are insufficient to rise to willful, wanton, and malicious harassment. *See Woods*, 2012 1344343, at *8. In fact, this is true even if Chase had foreclosed. See *id.* (dismissing plaintiff's similar claim after foreclosure). Accordingly, Chase is entitled to summary judgment on this claim.

### C. Chase Is Entitled to Summary Judgment on the Richies' TDCPA Claims

***1. Chase is Entitled to Summary Judgment on the Richies' Section 392.301(a)(8) claim.*** – Section 392.301(a)(8) of the TDCPA prohibits a debt collector from using "threats, coercion, or attempts to coerce[,] . . . [including] threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). As this Court has noted,

> A "threat" is defined as "a communicated intent to inflict harm or loss on another or another's property." BLACK'S LAW DICTIONARY 1618 (9th ed. 2009). "Coercion" is defined as "compulsion by physical force or threat of physical force." *Id.* at 294. Defendants' alleged actions and communications in the course of loan negotiations simply do not rise to the level of threats or coercion to be considered actionable under the statute.

ORDER – PAGE 13

*Woods*, 2012 WL 1344343, at *6.  And the statute "does not prevent a debt collector from exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings," TEX. FIN. CODE § 392.301(b)(3), such as foreclosing under the loan agreement, *Woods*, 2012 WL 1344343, at *6; *Swim*, 2012 WL 170758, at *5.

Although the Richies allege a host of facts that allegedly rise to the level of threatening or coercive behaviors, the Richies' claims fail.  Chase simply attempted to foreclose on the Richies because they were in default on their loan.  The Richies allege only "ordinary correspondence involved in loan modifications and foreclosure proceeding."  *Wiley*, 2012 WL 1945614, at *10.  These are insufficient to raise a fact issue on this claim.  *See id.*  Both the note and the deed of trust contemplate foreclosure, and the statute does not prevent a debt collector from exercising its contractual rights.  Accordingly, Chase is entitled to summary judgment on this claim.

*2. Chase Is Entitled to Summary Judgment on the Richies' Section 392.303(a)(2) Claims.* – Section 392.303(a)(2) provides that "a debt collector may not use unfair or unconscionable means . . .[to] collect[] or attempt[] to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer."  TEX. FIN. CODE § 392.303(a)(2).  "However, under the terms of the statute, a debt collector may charge additional fees if the parties have agreed to permit such charges under the contract."  *McDonald v. Deutsche Bank*, No. 3:11-CV-

ORDER – PAGE 14

2691-B, 2012 WL 2122168, at *7 (N.D. Tex. June 11, 2012).  The Richies point to a printout of various charges in concluding that Chase violated this provision.  But the Richies do not attempt to explain how these charges were wrongful.  This evidence, along with the Richies conclusory allegations, are insufficient to survive summary judgment.  *See Wiley* 2012 WL 1945614, at *10 (granting summary judgment because plaintiffs failed to point out how charges were wrongful).

  *3.  Chase Is Entitled to Summary Judgment on the Richies' Section 392.304(a)(8) claims.* – Section 392.304(a)(8) provides that, "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that . . . misrepresent[s] the character, extent, or amount of a consumer debt, or misrepresent[s] the consumer debt's status in a judicial or governmental proceeding."  TEX. FIN. CODE § 392.304(a)(8).  The Richies allege that Chase violated this provision by telling the Richies that if they paid under the TPP there would be no delinquencies at the end of the loan.  This evidence does not raise an issue of material fact regarding this claim.  If Chase actually promised that there would be no delinquencies if the Richies fully complied with the TPP and Chase approved a loan modification, this evidence might be sufficient to withstand summary judgment.  However, the Court has already determined that the TPP was not a valid contract, and the oral representations regarding modification are not enforceable.  Chase's representation, if it occurred, represented the status of what the Richies' debt *would be* under an alleged

ORDER – PAGE 15

modification, a modification the never occurred.  Thus, the Richies fail to show that this representation was a misrepresentation at all.

The Richies also allege that Chase violated this provision by attempting to foreclose.  But the Court has already determined that Chase had the authority to foreclose.  And the Richies allege that Chase violated this provision because Chase failed to provide them with the allegedly promised loan modification.  But the TPP specifically provided that it was not a modification and that other documentation was required. Ex. B-5, App. Def. Mot. Summ. J. ¶ 3 ("[If] the Lender determines that I qualify, the Lender will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary.")  The Richies offered no evidence that the they were sent a modification agreement or signed such an agreement.  Accordingly, Chase is entitled to summary judgment on this claim.

### *4. Chase Is Entitled to Summary Judgment on the Richies' Section 392.304(a)(19) claims.*

– Finally, the Richies allege a claim under Section 392.304(a)(19), the DCPA's "catchall provision." *See, e.g.*, *Woods*, 2012 WL 1344343, at *7.  That section provides that a debt collector may not "us[e] any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE § 392.304(a)(19).  "In order for a statement by a party to constitute a misrepresentation under the DCPA, Defendant must have made a false or misleading assertion." *Sanghera v. Wells Fargo Bank, N.A.*, 2012 WL 555155, at *9 (N.D. Tex. 2012) (Boyle, J.) (citing *Narvaez*, 757 F. Supp. 2d at 632).  But the Richies actually do not point to any evidence of a false or misleading assertion.  Chase

had the authority to foreclose under the note and deed of trust and Chase never modified the Richies' loans. And although the Richies allege that they were "willing and able" to make their monthly payment but failed to do so only because Chase told them to continue their course of action, Pls' Resp. to Def. Mot. Summ. J. at 36, the Richies point to no evidence supporting their ability to pay. Further, the Richies allege that Chase failed to allow the Richies to pay the arrearage, but point to no evidence supporting this claim. *Id.* Accordingly, Chase is entitled to summary judgment on this claim.

### D. Chase Is Entitled to Summary Judgment on the Richies' Negligent Misrepresentation Claims

Chase is also entitled to summary judgment on the Richies' neligent misrepresentation claims. To establish a negligent misrepresentation claim, a plaintiff must show that: (1) the representation is made by a defendant in the course of his business; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). But importantly, a misrepresentation claim must allege a misstatement of an existing fact rather than a promise of future conduct. *See N.Y. Life Ins. v. Miller*, 114 S.W.3d 114, 124 (Tex. App. – Austin 2003, no pet.). The Richies point to a slew of alleged misrepresentations, but they fail to show how these representations are misstatements of an existing fact. The Richies rely on

statements concerning future performance[3] or otherwise fail to show that the statements are even false.[4]  Accordingly, Chase is entitled to summary judgment on this claim.

### IV. THE RICHIES ARE NOT ENTITLED TO A DECLARATORY JUDGMENT

The Declaratory Judgment Act is a procedural device; it creates no substantive rights and requires the existence of a justiciable controversy.  *Lowe v. Ingalls Shipbldg.*, 723 F.2d 1173, 1179 (5th Cir. 1984).  The Richies seek a declaratory judgment declaring that "Defendant has waived its rights to accelerate and foreclosure, that Defendant has violated the terms and spirit of the Deed of Trust and Note, that Chase does not own the promissory note and has no authority to foreclose, and that any foreclosure should be enjoined." Ex. A, Def. Mot. Summ. J. ¶51.  The Court granted summary judgment to Chase on the Richies' waiver and breach-of-contract claims.  In doing, the Court found that Chase owned the promissory note and had authority to foreclose.  Because the Court has granted Chase summary judgment regarding any claims for which the Richies sought declaratory judgment, there is not existence of a justiciable controversy.  Thus, declaratory relief is inappropriate.

---

[3]Chase's representations regarding the future status of the Richies' loan at the conclusion of the TPP, Chase's representations to the Richies to disregard the default notices, and Chase's representations that the Richies could entered into a 10-month payback plan are all representations of future performance.

[4]The Richies allege that Chase made a misrepresentation by, among other things, informing the Richies that there were programs in place to help those who fall behind and that the Richies, after missing one payment, could miss two more payments to qualify for the TPP. The Richies fail to show how these representations were false.  Similarly, the Richies allege that Chase represented that the Richies "had to reapply for the MHA program or face foreclosure."  Pl.'s Resp. to Defs. Mot. Summ. J. at 38.  The Richies also fail to show how this statement was false.

ORDER – PAGE 18

## CONCLUSION

Because the Richies fail to raise an issue of material fact on their breach of contract, anticipatory breach of contract, unreasonable collection efforts, negligent misrepresentation, and gross negligence claims, the Court grants Chase's motion. Because Chase did not move for summary judgment on the Richies' claim for an accounting, that claim remains.

Signed December 13, 2012.

_____
David C. Godbey
United States District Judge